IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TIMOTHY WILLIAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-CV-1051-O |
| | § | |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Timothy Williams, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice, against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

In September 2015 Petitioner was indicted in Parker County, Texas, Case No. CR15-0593, for evading arrest while using a vehicle under Texas Penal Code § 38.04. Clerk's R. 6, ECF No. 19–3. The indictment also included multiple sentence-enhancement paragraphs, increasing Petitioner's punishment range to habitual-offender status. *Id.* at 7–8. On May 8, 2017, Petitioner pleaded guilty to the offense and true to the enhancement paragraphs, and, following a trial on punishment, a jury sentenced Petitioner to 80 years' confinement and the trial court ordered restitution in the total amount of $6,152.34. *Id.* at 94–95. Petitioner appealed, but the state appellate court affirmed the trial court's judgment and the Texas Court of Criminal Appeals refused his

petition for discretionary review. Electronic R. 1, ECF No. 19–1. Petitioner also challenged his conviction and sentence in a post-conviction state habeas-corpus application, which was denied by the Texas Court of Criminal Appeals without a hearing or written order on the findings of the trial court. Action Taken, ECF No. 19–16.

## II. ISSUES

In fourteen grounds, Petitioner raises the following claims for federal habeas relief, verbatim (all spelling, grammatical, and/or punctuation errors are in the original):

(1)    Court lacked jurisdiction over offense sought for prosecution because complaint alleged different statutory offense under separate subsection and amendment of 38.04;

(2)    The prosecution of this offense resulted in an illegal conviction which was not the offense Petitioner plead guilty to as observed by plea documents and admonishment;

(3)    Conviction resulted in an illegal sentence as the offense Petitioner plead guilty to was a State Jail felony not subject to Pen 12.42d;

(4)    IATC (ineff. Ass.Tr.Counsel) for allowing illegal conviction and sentence when defendant had due process right to lesser charge of SJF;

(5)    Offense of Conviction is in Pari Materia with other offense (containing same elements) contained within the same statute;

(6)    IAAC (ineff ass App Counsel) for not raising issue of illegal conviction or due process (proper notice) violation and resulting ill sentence;

(7)    Where doctrine of in pari materia does not apply, then Pen 38.04 (end the State's ability to ambiguously charge a defendant) is unconstitutional, violative of the 5th, 6th, 8th, and 14 amendments;

(8)    IATC for not raising in pari materia claim/defense at trial and/or failure to enter plea of not guilty to 3rd degree felony or request a directed verdict once the offense sought for prosecution was realized;

(9)    IAAC for failure to raise in pari materia clam and related IATC claim;

(10)     Guilty plea was involuntary and caused by the ineffective assistance of counsel resulting in prejudice to the defendant because defendant plead guilty to a state jail felony but was convicted of a 3rd degree felony;

(11)     IATC for failure to raise issue of fatal variance between probable cause affidavit (complaint), information (indictment) and jury charge; and the corresponding failure to object to jury charge and improper punishment guidelines;

(12)     IATC for failure to object to prosecutorial misconduct of changing statutory offense for prosecution from subsection alleged in complaint to another altogether allowing conviction to be had on an underhanded act of subterfuge by prosecutors;

(13)     IAAC for failure to raise IATC for prosecutorial misconduct claim asserted in ground twelve; and

(14)     Prosecutorial Misconduct for pursuing prosecution for offense not alleged in probable cause affidavit.

Am. Pet. 6–7D, ECF No. 26.

## III.  RULE 5 STATEMENT

Respondent does not believe that the petition is barred by limitations or subject to the successive-petition barr, however Respondent reserved the exhaustion and procedural-default defenses in the event the Court disagreed with his construction of the claims or should Petitioner supplement his petition. Resp't's Answer 5, ECF No. 17. After Respondent filed his response, Petitioner was granted leave to amend his petition and supporting memorandum in their entirety. Therefore, the Court will raise those matters sua sponte. *See Magouirk v. Phillips,* 144 F.3d 348, 357 (5th Cir. 1998) (holding "a federal court has discretion to raise and apply a habeas petitioner's procedural default sua sponte").

## IV.  EXHAUSTION AND PROCEDURAL DEFAULT

State prisoners seeking federal habeas-corpus relief under § 2254 are required to exhaust all

claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when both the factual as well as the legal substance of the federal habeas claim has been presented to the highest court of the state, in this case the Texas Court of Criminal Appeals, in a procedurally proper manner on direct appeal or in state post-conviction proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A review of Petitioner's petition for discretionary review and his state habeas application reveals that none of the claims raised in state court sufficiently correspond with the claims raised in his amended federal petition, and Petitioner acknowledges that the grounds raised in the petition are presented for the first time. Pet. 16, ECF No. 26. Therefore, the claims are unexhausted for purposes of § 2254(b)(1). Under the Texas abuse-of-the-writ doctrine, however, Petitioner cannot now return to state court for purposes of exhausting the claims. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a)-(c). The Fifth Circuit had held that Texas's abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *See Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir. 1997).

Petitioner may overcome the procedural default by demonstrating either cause and prejudice for the default or a showing that he is actually innocent of the crime for which he stands convicted. *See Sawyer v. Whitley,* 505 U.S. 333, 338 (1992)*; Ylst v. Nunnemaker,* 501 U.S. 797, 801–07 (1991); *Smith v. Johnson,* 216 F.3d 521, 523–24 (5th Cir. 2000). A court need not consider whether there is actual prejudice if the petitioner fails to show cause. *McCleskey v. Zant,* 499 U.S. 467, 502 (1991). Further, a habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror,

4

acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo,* 513 U.S. 298, 326–27 (1995); *see also House v. Bell,* 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States,* 523 U.S. 614, 623–624 (1998).

> Petitioner explains his failure to exhaust his claims in state court as follows:
>
> [t]he instant application is attacking an illegal conviction and related grounds that have not been SPECIFICALLY raised prior to filing this application only because Petitioner until now has been unable to fully articulate the underlying problems which plague the instant conviction, though Petitioner HAS tried and these new claims are based on the same facts always asserted by Petitioner in any previous attack on this conviction.

Am. Pet. 16, ECF No. 26 (emphasis in original). However, Petitioner's inability to "articulate" the new legal theories espoused for the first time in his amended petition is insufficient to establish cause for his default. *See Saahir v. Collins,* 956 F.2d 115, 119 (1992). Nor does Petitioner demonstrate that he is actually innocent of the offense for which he was convicted based on new reliable evidence not presented at trial. Thus, Petitioner fails to overcome the default on this basis.

Petitioner, who was pro se in his state habeas proceeding, may also overcome the procedural default with respect to his ineffective-assistance-of-trial-counsel claims by demonstrating that the underlying ineffective-assistance-of-trial-counsel claims are substantial, which is to say that he must show that the claims have some merit. *See Martinez v. Ryan,* 566 U.S. 1, 14 (2012). Under grounds four, eight, eleven, and twelve, Petitioner claims that trial counsel was ineffective by

> (4)   allowing illegal conviction and sentence when defendant had due process right to lesser charge of SJF;

(8)     not raising in pari materia claim/defense at trial and/or failure to enter plea of not guilty to 3rd degree felony or request a directed verdict once the offense sought for prosecution was realized;

(11)    fail[ing] to raise issue of fatal variance between probable cause affidavit (complaint), information (indictment) and jury charge; and the corresponding failure to object to jury charge and improper punishment guidelines; and

(12)    fail[ing] to object to prosecutorial misconduct of changing statutory offense for prosecution from subsection alleged in complaint to another altogether allowing conviction to be had on an underhanded act of subterfuge by prosecutors.

Petitioner was charged with evading arrest with a vehicle. Clerk's R. 6, ECF No. 19-3. The crux of all four claims appears to be Petitioner's belief that he was charged with evading arrest in a vehicle, which under Texas Penal Code § 38.04(b)(1)(B) was a state jail felony, and not a third degree felony; thus, according to his reading of the statute, his sentence was illegally enhanced under Texas Penal Code § 12.42(d) to habitual-offender status. Apparently, Petitioner's confusion as to the "base level" of the offense stems from a previous conviction for evading arrest and two amendments to § 38.04 by the Texas legislature, both of which became effective September 1, 2011, and, according to their terms, are both in effect.[1] Under § 38.04(b)(1)(B), as set out by the first

---

[1] Section 38.04 provides, in relevant part:

(a) A person commits an offense if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting to lawfully to arrest or detain him.

(b) An offense under this section is a Class A misdemeanor, except that the offense is:

*Text of subsec. (b)(1), (2) as amended by Acts 2011, 82nd Leg., ch. 391 (S.B. 496), § 1 and Acts 2011, 82nd Leg., ch. 839 (H.B. 3423), § 4*

(1) a state jail felony if:

(A) the actor has been previously convicted under this section; or

(B) the actor uses a vehicle or watercraft while the actor is in flight and the actor has not been previously convicted under this section;

6

amendment, evading arrest with a vehicle is classified as a state jail felony. *See* Act of May 23, 2011, 82nd Leg., R.S., ch. 391, § 1, 2011 Tex. Gen. Laws 1046, 1046 (current version at TEX. PENAL CODE § 38.04). Under Section 38.04(b)(2)(A), as set out by the second amendment, evading arrest with a vehicle is classified as a third degree felony. *See* Act of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Gen. Laws 2320, 2321. As a matter of state law jurisprudence, however, the latest in date of enactment prevails, and evading arrest with a vehicle is a third degree felony. *See* TEX. GOV'T CODE ANN. § 311.025(b) (West 2005); *Adetomiwa v. State,* 421 S.W.3d 922, 926–27 (Tex. App.-Fort Worth 2014, no pet.); *Darby v. State,* No. 06-15-00042-CR, 2015 WL 6559205, at *10 (Tex. App.-Texarkana, no pet) (citing cases). Thus, Petitioner was sufficiently on notice that he was charged with evading arrest as a third degree felony, regardless of his having been previously convicted of the offense, he was properly admonished with regard to the range of punishment, and he pleaded guilty to a third degree felony. Counsel is not ineffective by failing to make frivolous

---

(2) a felony of the third degree if: . . .

*Text of subsec. (b)(1), (2) as amended by Acts 2011, 82nd Leg., ch. 839 (H.B. 3423), § 4 and Acts 2011, 82nd Leg., ch. 920 (S.B. 1416), § 3*

(1) a state jail felony if the actor has been previously convicted under this section;

(2) a felony of the third degree if:

(A) the actor uses a vehicle while the actor is in flight;

(B) another suffers serious bodily injury as a direct result of an attempt by the officer or investigator from whom the actor is fleeing to apprehend the actor while the actor is in flight; or

(C) the actor uses a tire deflation device against the officer while the actor is in flight; or

(3) a felony of the second degree if: . . .

TEX. PENAL CODE ANN. § 38.04(a)-(b) (West. Supp. 2014) (emphasis in original).

7

motions or objections or to raise a frivolous claim. *See Koch v. Puckett,* 907 F.2d 524, 527 (5th Cir. 1990); *Lindsey v. Cain,* 267 F. App'x 374, 2008 WL 510517, at *1 (5th Cir. Feb. 27, 2008). Because Petitioner's ineffective-assistance-of-trial-counsel claims lack any merit, he fails to overcome the procedural default as to those claims on this basis.

In summary, because Petitioner fails to overcome the procedural default as to the claims raised, his claims are unexhausted and procedurally defaulted.

## V.  CONCLUSION

For the reasons discussed, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**. Further, for the reasons discussed, a certificate of appealability is DENIED.

**SO ORDERED** on this 12th day of March, 2021.

Reed O'Connor

UNITED STATES DISTRICT JUDGE